IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES L. TINGLER,**

       **Plaintiff,**

v.

                                   **Civil Action 2:24-CV-416**
                                   **Chief Judge Algenon L. Marbley**
**JOSEPH CALIGIURI,**              **Magistrate Judge Kimberly A. Jolson**

       **Defendant.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Charles L. Tingler, an Ohio resident who is proceeding *pro se*, brings this action against Defendant Joseph Caligiuri. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II.     DISCUSSION

Plaintiff names Joseph Caligirui, disciplinary counsel for the Supreme Court of Ohio's Office of Disciplinary Counsel ("ODC"), as Defendant in this suit. (Doc. 1-1 at 2). Plaintiff alleges that Defendant, in his individual capacity, violated his rights under the First Amendment's freedom of petition clause and the Fourteenth Amendment's due process and equal protection clauses. (*Id.* at 3).

As an initial matter, the Court notes that Plaintiff has been found to be a vexatious litigator by the Ohio Supreme Court for filing 84 similar original actions during a four-month period, *State ex rel. Tingler v. Franklin Cty. Prosecutor's Office*, 204 N.E.3d 552, 553 (Ohio 2023), and by the Erie County Court of Common Pleas for filing 36 actions in 2022 alone, *Ottawa Cty. Prosecuting v. Tingler*, 2023 WL 5165612, at *3 (Ohio Ct. App. 2023).  And between 2021 and 2023, Plaintiff filed at least seven cases against various state officials, judges, and prosecutors in the U.S. District Court for the Northern District of Ohio, where the court ultimately enjoined him from proceeding *in forma pauperis*.  *See Tingler v. Maike*, No. 3:23-CV-788, 2023 WL 4564383, at *3 (N.D. Ohio July 17, 2023) (documenting Plaintiff's Northern District cases).  And Plaintiff has filed three other cases against various state officials and judges in this district during the last year, including one case filed within a week of the case at bar.  (*See* Case Nos. 2:23-CV-00911-EAS-EPD, 2:23-CV-01525-EAS-EPD, and 2:24-CV-00468-JLG-EPD).  Moreover, one of these cases involved a claim against Defendant Caligiuri.  *See Tingler v. Nelson*, No. 2:23-CV-1525, 2023 WL 5505942 (S.D. Ohio Aug. 25, 2023), *report and recommendation adopted*, No. 2:23-CV-01525, 2023 WL 6647113 (S.D. Ohio Oct. 12, 2023).  In that case, Plaintiff alleged that Defendant violated his First and Fourteenth Amendment rights by "arbitrarily" dismissing his complaints and grievances submitted to the ODC.  *Id.* at *2.  The Court ultimately found that Plaintiff's complaint failed to state a claim upon which relief could be granted.  *Id.* at *3–4; *see Tingler*, 2023 WL 6647113, at *1.

The same is true here.  Plaintiff's complaint centers on grievances he submitted to the ODC. (Doc. 1-1 at 7).  He says the ODC "declined to file, review, or respond" to his grievances pertaining to attorneys, prosecutors, and judges alleging misconduct." (*Id.*).  This, Plaintiff claims, violated his civil rights and "arbitrarily den[ied him] the right to the attorney disciplinary system." (*Id.*).

As relief, Plaintiff seeks an injunction, specifically "an order from the Court, directing the Office of Disciplinary Counsel of the Supreme Court of Ohio to fulfill their public duties . . . . This entails filing, reviewing, and responding to [Plaintiff's] grievances in a timely manner and with impartiality." (*Id.* at 5). In reviewing the allegations, the Undersigned finds that they do not state a claim upon which relief can be granted.

It is true that a plaintiff can bring suit against a state official acting under the color of state law for the deprivation of civil rights. 42 U.S.C. § 1983. But, as this Court previously explained to Plaintiff, the Constitution does not guarantee a right "to force the ODC to impose any disciplinary action on another person." *Nelson*, 2023 WL 5505942, at *3 (citing *Christensen v. Wiseman*, No. 1:11-CV-1837, 2011 WL 4376099, at *8 (N.D. Ohio Sept. 20, 2011)); *see also Novel v. Zapor*, No. 2:14-CV-264, 2015 WL 12734021, at *6 (S.D. Ohio Mar. 11, 2015) ("The Sixth Circuit has held that the [ODC's] failure to discipline the complainant's opposing counsel does not violate any federal right held by the complainant."). Nor does Plaintiff have a constitutional right to have the ODC process his requests for investigations of misconduct. *Saier v. State Bar of Mich.*, 293 F.2d 756, 761 (6th Cir. 1961) ("We conclude that the right to require the State Bar to process appellant's request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution."). And "the right to petition the government does not create in the government a corresponding duty to act." *Stengel v. City of Columbus, Ohio*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988).

More still, even if Plaintiff had such a right, Plaintiff's complaint does not allege that Defendant was the one who "declined to file, review, or respond" to Plaintiff's grievances. (Doc. 1-1). Throughout his complaint, Plaintiff refers not to Defendant but to the ODC generally. (*Id.*). "[I]n § 1983 claims against a supervisory official, Plaintiff cannot rely on vicarious liability as a

basis [for] the official's liability." *Crisp v. Neel-Wilson*, No. 2:15-CV-1265, 2015 WL 5882126, at *2 (S.D. Ohio Oct. 7, 2015). Rather, "Plaintiff must 'show that [the] supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate' or otherwise that he was 'personally involved in the events leading to Plaintiffs claim.'" *Id.* (citing *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634–35 (6th Cir. 2013) (quoting *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008))). Plaintiff does not allege such facts here. Consequently, Plaintiff's complaint fails to state a claim on which relief can be granted, and the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** in their entirety.

Finally, the Undersigned cautions Plaintiff that this Court can, in its inherent power, revoke or deny his privilege of proceeding *in forma pauperis* or impose other restrictions if he files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

### III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. It is **FURTHER**

5

**RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 8, 2024        /s/ Kimberly A. Jolson
                              KIMBERLY A. JOLSON
                              UNITED STATES MAGISTRATE JUDGE